WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier V. Alarcon,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Pinal County Jail, et al.,<br><br>　　　　　　Defendants. | No.  CV 14-00163-PHX-RCB (MHB)<br><br>**O R D E R** |

Plaintiff Javier V. Alarcon, who is confined in the Pinal County Adult Detention Center, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will order Defendant Aguire to answer Count One of the Complaint and will dismiss Count Two and Defendant Pinal County Jail without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $39.82.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

In his two-count Complaint, Plaintiff names as Defendants the Pinal County Jail and Detention Officer Aguire.

In **Count One**, Plaintiff alleges that he was subjected to excessive force in violation of the Eighth Amendment. Plaintiff asserts that while he was in the morning medication line, Defendant Aguire made obscene gestures and sexual remarks to a "deaf-mute" inmate, other inmates told Defendant Aguire to leave the inmate alone, and Defendant Aguire became upset and began cursing at the inmates and calling them "sex offenders." Plaintiff claims that Defendant Aguire "suddenly turned his anger toward[] [Plaintiff]" and began yelling at Plaintiff and calling him names. Plaintiff states that when he requested that Defendant Aguire stop disrespecting him, Defendant Aguire got angry and told Plaintiff to "cuff up." Plaintiff alleges that he complied with Defendant Aguire's request.

Plaintiff asserts that after he was restrained, Defendant Aguire said, "Do you want to see what I do to people like you," and then proceeded to slam Plaintiff, face-first, into a metal door, then into a wall, and then into the glass window of the control room. Plaintiff claims Defendant Aguire kept Plaintiff pinned to the window for 10-15 minutes, during which time he used "excessive force to the back of [Plaintiff's] neck" and smashed Plaintiff's face into the window. Plaintiff alleges that Defendant Aguire threatened Plaintiff with additional harm, told Plaintiff what time Defendant Aguire got off work, and told him that there were no cameras outside the control room, so no one would find about the altercation or believe Plaintiff.

Plaintiff alleges that he suffered mental injuries and physical injuries to his head, eye, and foot.

In **Count Two**, Plaintiff alleges that he was subjected to negligence and deliberate indifference, in violation of the Eighth Amendment, because "Pinal County Official[]s" failed to intervene when Defendant Aguire was using excessive force.

. . . .

**IV.   Claim for Which an Answer Will be Required**

The Fourteenth Amendment Due Process clause, not the Eighth Amendment, protects pretrial detainees from excessive force that amounts to punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002). Liberally construed, Plaintiff has stated an excessive force claim again Defendant Aguire. The Court will require Defendant Aguire to answer Count One of the Complaint.

**V.   Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

**A.   Defendant Pinal County Jail**

Defendant Pinal County Jail is not a proper Defendant. Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. Defendant Pinal County Jail is a building or collection of buildings, not a person or legally created entity capable of being sued. Therefore, the Court will dismiss Defendant Pinal County Jail.

**B.   Count Two**

Officials can be held liable for failing to intercede when their fellow officers violate constitutional rights only when they have a reasonable opportunity to intercede. *See Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000); *see also Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Plaintiff does not identify any "Pinal County Official" who was present during Plaintiff's altercation with Defendant Aguire, had a reasonable opportunity to intercede, and failed to do so. Plaintiff's allegations are too vague and conclusory to state a claim. Thus, the Court will dismiss without prejudice Count Two.

. . . .

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $39.82.

TERMPSREF

- 5 -

(3) Count Two is **dismissed** without prejudice.

(4) Defendant Pinal County Jail is **dismissed** without prejudice.

(5) Defendant Aguire must answer Count One of the Complaint.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Aguire.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Aguire within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service

TERMPSREF

upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)   **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 9th day of May, 2014.

Stephen M. McNamee
Senior United States District Judge

**TERMPSREF**