**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier V. Alarcon, | ) CIV-14-163-PHX-RCB (MHB) |
| Plaintiff, | ) **O R D E R** |
| vs. | ) |
| Pinal County Jail, et al., | ) |
| Defendants. | ) |

Plaintiff Javier V. Alarcon, who is confined in the Pinal County Adult Detention Center, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court screened the Complaint May 9, 2014, and ordered Defendants to answer (Doc. 5). Further, in the screening Order, Plaintiff was directed to file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff was warned that if he failed to timely comply with the provisions set forth in the screening Order, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On May 27, 2014, the docket reflected that mail sent from the Clerk of the Court to Plaintiff was returned as undeliverable. (Doc. 9.) Having failed to notify the Court of a new address, the Court ordered that no later than "ten (10) days from the date of [its] Order, Plaintiff shall either: (1) file a notice of change of address, or (2) show cause why this matter should not be dismissed for failure to prosecute in light of his failure to file a notice of change of address." (Doc. 10.) The time for responding has expired, and Plaintiff has not

1 responded to the Order to show cause or, otherwise, communicated with the Court.  The
2 Court, therefore, will determine whether dismissal is appropriate.

3 Plaintiff has the general duty to prosecute this case.  See Fidelity Philadelphia Trust
4 Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  Rule 41(b) of the
5 Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or
6 to comply with these rules or any order of court, a defendant may move for dismissal of an
7 action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court
8 recognized that a federal district court has the inherent power to dismiss a case *sua sponte*
9 for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil
10 Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances,
11 the Court may dismiss a complaint for failure to prosecute even without notice or hearing.
12 See id. at 633.

13 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
14 the Court must weigh the following five factors:  "(1) the public's interest in expeditious
15 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
16 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
17 availability of less drastic sanctions."  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)
18 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these
19 factors favor the imposition of sanctions in most cases, while the fourth factor cuts against
20 a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser
21 sanctions."  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

22 Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
23 to respond to Court orders prevents the case from proceeding in the foreseeable future.  The
24 fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to
25 consider whether a less drastic alternative is available.  The Court has already ordered
26 Plaintiff to (1) file a notice of change of address, or (2) show cause why this matter should
27 not be dismissed for failure to prosecute in light of his failure to file a notice of change of
28 address.  Plaintiff has not responded.

1  The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits unless the court in its order for dismissal otherwise specifies. In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice.

DATED this 26th day of June, 2014.

Stephen M. McNamee
Senior United States District Judge